IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUANA VENEGAS,                        )    Civil No.: 3:13-cv-00869-JE
                                      )
                Plaintiff,            )    OPINION AND
                                      )    ORDER
        v.                            )
                                      )
CAROLYN A. COLVIN,                    )
Acting Commissioner of Social Security, )
                                      )
                Defendant.            )
_____   )

        Bruce W. Brewer
        Law Offices of Bruce W. Brewer, PC
        PO Box 421
        West Linn, OR 97068

                Attorney for Plaintiff

        Bill Williams, Acting U.S. Attorney
        Adrian L. Brown, Asst. U.S. Attorney
        1000 S.W. 3rd Avenue, Suite 600
        Portland, OR 97204

        Richard Rodriguez
        Special Asst. U.S. Attorney
        Office of the General Counsel
        Social Security Administration

OPINION AND ORDER – 1

701 5th Avenue, Suite 2900 M/S 221 A
Seattle, WA 98104-7075

      Attorneys for Defendants

JELDERKS, Magistrate Judge:

      Plaintiff Juana Venegas brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the Act).  Plaintiff seeks a judgment remanding the action to the Social Security Administration (the Agency) for an award of benefits based on an onset date of August 16, 2007.[1]

      The Commissioner concedes that the decision of the Administrative Law Judge (ALJ) was neither supported by substantial evidence nor free from legal error, and asks that the action be remanded for further proceedings.   Therefore, the only question presented here is whether the remand of the action should be for an award of benefits, or for further proceedings.

      For the reasons set out below, the Commissioner's request to remand for further proceedings is denied and the action is, instead, remanded for an award of benefits.

## **Procedural Background**

      Plaintiff filed applications for DIB and SSI on March 31, 2005, alleging that she had been disabled since January 15, 2005.  Those applications were denied initially and upon reconsideration.  Following a hearing, ALJ Catherine Lazuran issued a decision finding Plaintiff

---

[1] Although Plaintiff originally alleged an onset date of January 15, 2005, the Court will construe the revised date presented in Plaintiff's briefing as a request to amend her alleged onset date and will evaluate Plaintiff's claim based on an alleged onset date of August 16, 2007.

not disabled.  Plaintiff did not appeal and thus ALJ Lazuran's August 15, 2007[2] decision became final.

On September 8, 2009, Plaintiff filed the applications for DIB and SSI upon which this action is based.  In her current applications, Plaintiff alleged that she has been disabled since January 5, 2005.

After her claims were denied initially and upon reconsideration, Plaintiff timely requested an administrative hearing.  On January 12, 2012, a hearing was held before ALJ Sue Leise. Plaintiff, through an interpreter, and Robert Gaffney, a Vocational Expert (VE), testified at the hearing.

In a decision dated February 22, 2012, ALJ Leise found that Plaintiff had not been disabled at any time from her alleged onset date through the date of the ALJ's decision.

On March 25, 2013, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

## Background

Plaintiff was born on November 13, 1953 and was 58 years old at the time of the ALJ's decision. According to Plaintiff's work history reports and testimony, she has past relevant work experience as a childcare worker, cook, table busser, sandwich maker, salad preparer, and parts cleaner. She is unable to communicate in English.

## Disability Analysis

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520, 416.920.  Below is a summary

---

[2] The Commissioner lists the date of ALJ Lazuran's decision as September 2009.  The copy of the decision that appears in the record is undated; however, other material in the record reflects that the decision was issued August 15, 2007.  Tr. 244; 247.

of the five steps, which also are described in <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One.  The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA).  A claimant engaged in such activity is not disabled.  If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two.  20 C.F.R. § 404.1520(b).

Step Two.  The Commissioner determines whether the claimant has one or more severe impairments.  A claimant who does not have such an impairment is not disabled.  If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three.  20 C.F.R. § 404.1520(c).

Step Three.  Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration (SSA) regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1.  A claimant who has such an impairment is disabled.  If the claimant's impairment does not meet or equal an impairment listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

Step Four.  The Commissioner determines whether the claimant is able to perform relevant work he or she has done in the past.  A claimant who can perform past relevant work is not disabled.  If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five.  20 C.F.R. § 404.1520(f).

Step Five.  The Commissioner determines whether the claimant is able to do any other work.  A claimant who cannot perform other work is disabled.  If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do.  The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2.  If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled.  If the Commissioner does not meet this burden, the claimant is disabled.  20 C.F.R. § 404.1520(g)(1).

At Steps One through Four, the burden of proof is on the claimant.  Tackett, 180 F.3d at 1098.  At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy.  Id.

## Medical Record and Testimony

Like the parties, I will not summarize the medical record and testimony, but will instead address relevant portions of the record in the discussion below.

## ALJ's Decision

ALJ Leise found that Plaintiff was insured for DIB purposes through December 13, 2013.

At the first step of her disability analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability.

At the second step, the ALJ found that Plaintiff's severe impairments included degenerative disc disease, osteoarthritis, fibromyalgia, and depression.

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the listings,

20 C.F.R. Part 404, Subpart P., App. 1.

The ALJ next assessed Plaintiff's residual functional capacity (RFC). She found that Plaintiff retained the capacity to perform light exertional level work subject to the following limitations: she cannot read English; she was limited to standing and walking two hours and to sitting in two hour increments up to eight hours total in an eight hour day; could only occasionally climb ramps and stairs, balance, kneel, crouch and stoop; was unable to climb ladders, ropes or scaffolds or to crawl; should avoid moderate exposure to workplace hazards; was "able to remember, understand, and carry out verbal or shown simple and detailed but not complex instructions or tasks typical of occupations with an SVP 1 or 2;" was unable to carry out written instructions; should have only "incidental, superficial contact with the public;" and could work in proximity to but not perform tandem tasks with co-workers.

Based upon the testimony of the VE, at the fourth step the ALJ found that Plaintiff could perform her past relevant work as a cleaner and polisher as it was actually and generally performed. She thus concluded that Plaintiff was not disabled within the meaning of the Act.

## Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Claimants bear the initial burden of establishing disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record, DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at Step Five of the disability analysis process. Tackett, 180 F.3d at 1098.

OPINION AND ORDER – 6

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039.  The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

## Discussion

In her opening brief, Plaintiff contends that the ALJ: 1) erroneously relied upon vocational expert testimony that conflicted, without explanation, from the Dictionary of Occupational Titles (DOT);  2)  erred at Step Four in finding that Plaintiff could perform past relevant work as a cleaner/polisher when the record lacked substantial evidence that Plaintiff performed such work within the 15 years prior to the adjudicated period or at substantial gainful activity levels; 3) erred in not finding Plaintiff disabled pursuant to the Medical-Vocational Guidelines, (the "Grids")[3] based upon her RFC determination;  4)  failed to properly consider the lay witness statement provided by her daughter, Laura Venegas; 5) failed to provide legally adequate reasons for rejecting the opinion of Dr. David Gostnell; and 6) failed to provide the required support for her conclusion that Plaintiff was less than credible.

As noted above, the Commissioner appropriately concedes that the ALJ's decision was neither supported by substantial evidence nor free from legal error.  The Commissioner

---

[3] 20 C.F.R. Part 404, Subpart P, Appendix 2

acknowledges that the ALJ improperly rejected the opinion of consultative psychologist, Dr. David Gostnell; erred in relying on the VE's conflicting testimony; and erroneously found at Step Four that Plaintiff could perform past relevant work as a cleaner/polisher.  The Commissioner contends that these errors require that the action be remanded for further proceedings.   The Commissioner also notes that *res judicata* applies in this matter because Plaintiff had previously applied for SSI and DIB and did not appeal the August 2007 decision issued by ALJ Lazuran that found Plaintiff not disabled.

In her Reply to the Commissioner's brief, Plaintiff agrees that *res judicata* applies. However, she argues that she has shown "changed circumstances" and, therefore, *res judicata* has only a limited application as it pertains to the previously unadjudicated period beginning August 16, 2007.  Plaintiff argues that certain findings in ALJ Lazuran's August 2007 decision should be given preclusive effect but that the RFC determination in the current decision should be accepted. She contends that a correct application of *res judicata* necessitates a finding at Step Four that Plaintiff cannot perform her past relevant work and that, at Step Five, the Grids require a finding that Plaintiff is disabled.  Plaintiff requests that the Court remand for an award of benefits based on an onset date of August 16, 2007.

## I.  _Res Judicata_

The Social Security Act provides "[t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h). In Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir.1988), the court observed that "the principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." In the Social Security context, an earlier final decision finding that a claimant is not disabled creates a

presumption that the claimant continued to be able to work after that finding. <u>E.g.</u>, <u>Lester v. Chater</u>, 81 F.3d 821, 827 (9th Cir.1995) <u>(citing</u> <u>Miller v. Heckler</u>, 770 F.2d 845, 848 (9th Cir.1985)).

In adjudicating a subsequent claim, the ALJ applies the presumption of continuing non-disability and will determine that the claimant was not disabled unless the claimant rebuts the presumption by showing "changed circumstances" with respect to the unadjudicated period, such as an increase in the severity of the claimant's impairments, the existence of an impairment not considered in the previous application, or a change in the claimant's age.  Acquiescence Ruling ("AR") 97-4(9), 1997 WL 742758 at *3 (S.S.A. Dec. 3, 1997).  If the presumption is rebutted the ALJ must give effect to certain findings made in the prior final decision by the ALJ, including the findings of a claimant's education, or work experience. <u>Id.</u>  "Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." <u>Id</u>.

In August 2007, the first ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of January 15, 2007.  She found that Plaintiff had the severe impairments of varicose veins and headaches and described her RFC as the ability to perform medium work without any other functional or environmental limitations.  The first ALJ also found that Plaintiff was unable to perform any of her past relevant work as an institutional cook, a domestic childcare worker, a sandwich maker and cook's helper, a parts cleaner or a table busser; that she was unable to communicate in English and was therefore considered in the same way as an individual who is illiterate in English; and that she had no transferable skills "within

the ambit of her residual functional capacity." The ALJ determined that because Plaintiff could perform other work in the national economy, she was not disabled within the meaning of the Act.

In the decision at issue here, the ALJ makes no reference to *res judicata,* Chavez or AR 97-4(9) and only briefly references the prior ALJ's decision in her discussion of Plaintiff's depression. (Tr. 24) The ALJ also fails to discuss whether and to what extent the prior decision has preclusive effect and makes no specific mention of any proof of changed circumstances.

## A. Evidence of "Changed Circumstances"

After a thorough review of the record, this Court finds that the evidence does establish that the claimant suffers from an impairment or impairments that indicate a greater disability. See Chavez, 844 F. 2d at 693. Plaintiff provided evidence both that there was an increase in the severity of her impairments and that she suffered impairments that were not previously considered. These "changed circumstances" appear throughout the record and are reflected in the current ALJ's determination that Plaintiff had a number of severe impairments not listed by the prior ALJ and a significantly more restrictive RFC than the one arrived at in the 2007 decision.

Plaintiff raises no argument that the RFC itself is unsupported by substantial evidence and, in fact, argues that the current RFC should be accepted by the Court. The Commissioner states that the Court "should not credit the ALJ's residual functional capacity as true." However, the substance of her argument is that "Plaintiff has mischaracterized the ALJ's [RFC] finding" as a sedentary RFC when it should be "properly described as a modified light exertional capacity." The Commissioner subsequently asserts that the ALJ "properly expressed Plaintiff's [RFC] as the most she can do, which falls at a modified light exertional capacity." The Commissioner argues that, because Plaintiff's RFC falls between two exertional categories, the testimony of a

VE is required to clarify Plaintiff's ability to perform any of her past relevant work or any other work. The Commissioner's contentions are not therefore based on a lack of evidentiary support but rather on Plaintiff's characterization of the RFC.

Based on my own thorough review of the record and the absence of any challenge to the substance of the 2012 RFC, I conclude that Plaintiff has shown "changed circumstances" sufficient to rebut the presumption of continuing non-disability for the period beginning August 16, 2007.

In addition, the Plaintiff's advancing age also constitutes a "changed circumstance" that overcomes the presumption of continuing non-disability. Chavez, 844 F.2d 691 at 693. Plaintiff was in the 50 to 54 year-old age category at the time of the 2007 decision and was, thus, a "person closely approaching advanced age." 20 C.F.R. §404.1563(d). Plaintiff turned 55 on November 13, 2008, and thus entered into a new age category of "person of advanced age." C.F.R. §404.1563(e). "Because a change in age status often will be outcome-determinative under the bright-line distinctions drawn by the Medical–Vocational Grids, [the Ninth Circuit has found] that the attainment of 'advanced age' constitutes a changed circumstance precluding the application of res judicata to the first administrative law judge's ultimate finding against disability." Id. at 693 (citing Kane v. Heckler, 776 F.2d 1130, 1132 (3rd Cir.1985); Cabral v. Heckler, 604 F.Supp. 831, 833 (N.D.Cal.1984)).

## B. Application of *Res Judicata*

Plaintiff argues that although she has shown changed circumstances regarding her residual functional capacity and her age, the first ALJ's subsidiary findings regarding her education, past relevant work, inability to perform past relevant work and lack of transferable skills are *res judicata*. Plaintiff argues that because no new and material evidence relating to

such findings was presented, the second ALJ was required, under <u>Chavez</u> and Acquiescence Ruling (AR) 97-4(9), to adopt those findings. Plaintiff's argument is well taken.

## 1. Education and Transferable Skills

The second ALJ ceased her analysis at Step 4 because she found that Plaintiff could perform past relevant work as a cleaner and polisher. She made no explicit findings regarding Plaintiff's education or transferable skills. I find nothing in the record that constitutes "new and material evidence" regarding Plaintiff's education or transferable skills and the Commissioner does not assert that any such evidence was presented. Accordingly, *res judicata* applies to the first ALJ's findings that Plaintiff has no transferable skills and "is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English." See <u>Chavez</u>, 844 F.2d at 694 (recognizing the application of *res judicata* to first ALJ's subsidiary findings although *res judicata* as to ultimate finding against disability was precluded by "changed circumstances,"); <u>see also</u> AR 97-4(9) (requiring adjudicators in subsequent proceedings to give effect to certain findings made on the prior claim unless there is new and material evidence relating to such findings).

## 2. Ability to Perform Past Relevant Work

Plaintiff argues that the second ALJ's finding that she could perform past relevant work as a cleaner and polisher is unsupported by substantial evidence and that the first ALJ's finding that Plaintiff could perform no past relevant work is *res judicata*. The Commissioner concedes that the second ALJ's Step 4 finding was not supported by substantial evidence or free from legal error but asserts that such error should be remedied by the ALJ upon remand.

As noted above, the first ALJ determined that Plaintiff had past relevant work in the light, unskilled occupation of "parts cleaner," but was unable to perform this or any of her other past relevant work.

The first ALJ did not provide a Dictionary of Occupational Titles (DOT) number for the parts cleaner occupation. The record before this Court and, presumably, the second ALJ does not include a transcript containing VE testimony from the first claim which may have indicated a DOT number.  The second ALJ, relying on testimony from a VE, determined that Plaintiff could perform her past relevant work as a "cleaner and polisher," a light exertion, unskilled occupation that the VE identified as DOT #709.687-010.  Both parties agree that Plaintiff's work activity reports make no reference to the cleaner/polisher job.  The only evidence in the record that Plaintiff performed this work is her hearing testimony.  At the 2012 hearing, the ALJ asked Plaintiff what work she had performed for Barrett Business Services.  Barrett Business Services appears on Plaintiff's Detailed Earnings Query Report as providing wages to Plaintiff in 1997 and 1998. Tr. 228. In response to the ALJ's inquiry, Plaintiff responded through her interpreter that she "cleaned small parts for airplanes."   Plaintiff testified that she had performed the job for one year but did not recall which year it was.

As noted above, the Commissioner concedes that it was error for the ALJ to rely upon the testimony of the VE in finding Plaintiff capable of work as a cleaner/polisher and that the ALJ's Step 4 finding was unsupported by substantial evidence.  The Commissioner argues that this action should be remanded so that the ALJ can obtain supplementary testimony from a VE regarding whether Plaintiff can perform any of her past relevant work.  I disagree.

In 2012, the second ALJ determined that the Plaintiff had not engaged in substantial gainful activity since January 5, 2005.  Accordingly, the ALJ was entitled to rely only on past

OPINION AND ORDER – 13

relevant work the Plaintiff performed before January 5, 2005.  See 20 C.F.R. §§404.1560(b)(1),

416.960(b)(1) (past work must have been done at the substantial gainful activity level to be "past

relevant work"). In 2007, the first ALJ determined that Plaintiff was not capable of performing

any of her past relevant work.  This finding is entitled to *res judicata* consideration unless new

and material evidence was presented to the second ALJ regarding Plaintiff's past relevant work.

After a thorough review, I find nothing in the record that constitutes new and material evidence

regarding Plaintiff's ability to perform past relevant work.  The occupations iterated by the first

ALJ in her decision mirror those discussed during Plaintiff's 2012 hearing before the second

ALJ.  There is no evidence that work records presented to the second ALJ reflected occupations

held by Plaintiff before January 5, 2005 that were either new or different from those presented to

and considered by the first ALJ in making her 2007 decision.  Nor was evidence presented that

Plaintiff was any more capable of performing those occupations after 2007 than she was prior to

the first ALJ's decision.

As in Chavez, the second ALJ here erred in not giving preclusive effect to the first ALJ's

determination that Plaintiff could not perform any of her past relevant work. As conceded by the

Commissioner, the second ALJ's Step 4 determination was neither free of legal error nor

supported by substantial evidence.  Accordingly, this Court finds that the first ALJ's

determination of this issue is entitled to *res judicata* consideration in the current claim.

I conclude that the current ALJ erred in failing to give preclusive effect to the prior ALJ's

determinations regarding Plaintiff's education, transferable skills, and ability to perform past

relevant work as is directed by both Chavez and AR 94-7(9) and thus erroneously failed to

proceed to Step Five of the sequential analysis.  Plaintiff asserts that the record is fully developed

and that this Court can and should make findings regarding Plaintiff's ability to perform other work without remanding to the Agency for further proceedings.

## II. <u>Step Five Analysis</u>

Plaintiff argues that this Court can find the Plaintiff disabled because the record is fully developed, the Grid rules require such a determination, and additional testimony from a VE is unnecessary.  The Commissioner asserts that additional VE testimony is necessary to determine whether Plaintiff is capable of performing other work.

## A.  Standards

The Grids, presented in table form, provide a short-hand method for determining the availability and numbers of suitable jobs for a claimant. <u>Lounsbury</u>, 468. F.3d at 1114. A claimant's placement within the appropriate table is determined by applying four factors—age, education, previous work experience, and physical capability. 20 C.F.R. Pt. 404, Subpt. P, App. 2; <u>see</u> <u>Lounsbury</u>, 468. F.3d at 1114-15.  For each combination of factors, the grids "direct a finding of either 'disabled' or 'not disabled' based on the number of jobs [ ] in that category of physical-exertional requirements." <u>Id</u>. Furthermore, "[u]nder no circumstances may a [VE]'s testimony supplant or override a disability conclusion dictated by the [Grids]." <u>Id</u>. at 1116.

Although the Commissioner concedes error regarding other aspects of the ALJ's decision, neither the Commissioner nor Plaintiff challenge the substance of the second ALJ's RFC determination.  It is undisputed that the second ALJ found that Plaintiff was capable of less than the full range of light work and had both exertional and non-exertional limitations.  Where, as here, a Plaintiff has both exertional and non-exertional limitations, the ALJ must consult the Grids first. <u>Lounsbury v. Barnhart</u>, 468 F.3d 1111, 1115 (9th Cir. 2006)(<u>citing</u> <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1157 (9th Cir.1989)). "Where a person with exertional and non-

exertional limitations is 'disabled' under the Grids, there is no need to examine the effect of the non-exertional limitations. But if the same person is not disabled under the Grids, the non-exertional limitations must be examined separately." <u>Lounsbury,</u> 438 F.3d at 1116.

Under Social Security Ruling 83-12, if a claimant's exertional capacity falls between two defined levels, such as sedentary and light, and the claimant's age, education, and work experience are such that the appropriate rules for each exertional level direct the same conclusion, a finding of "disabled" or "not disabled" under the Grids necessarily follows. SSR 83-12, <u>available at</u> 1983 WL 31253. However, if the exertional level falls between two rules which direct opposite conclusions, that is, a finding of disabled at one exertional level and not disabled at the other, the policy requires that the ALJ conduct further evaluation. <u>Id</u>. If a claimant's non-exertional limitations are "sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations," the testimony of a VE is required. <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1075-76 (9th Cir.2007)(<u>citing</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1340 (9th Cir.1988)). The question then is whether an ALJ who reached Step 5 of the sequential analysis and properly consulted the Grids would have been directed to a finding of disability, thus obviating the need for the additional VE testimony the Commissioner now seeks.

Under the Grids for light work, an individual is deemed disabled if she (1) is at least 50 to 54 years old; (2) can no longer perform her past work; (3) has a history of unskilled work experience, or has only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within her functional capacity; and (4) is illiterate in English or unable to communicate in English. 20 C.F.R. Part 404, Subpt. P, App. 2 §§ 202.00(c) and (d).

Under the Grids for sedentary work, an individual is deemed disabled if she (1) is at least 50 to 54 years old; (2) has no past relevant work or can no longer perform her past relevant

work; (3) has a history of unskilled work experience, or has only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within her functional capacity; and (4) has limited education or less.  20 C.F.R. Part 404, Subpt. P, App. 2 §§ 201.01, 201.02, 201.09, 201.10.

**B.  Analysis**

The Commissioner has cited, and my review of the relevant portions of the Grids has disclosed, no basis for concluding that Plaintiff is not disabled.  Here, Plaintiff was 53 years old at the time of her alleged onset date and thus was a person "closely approaching advanced age." See 20 C.F.R § 404.1563(d).  Plaintiff was 58 years old, or a person of "advanced age," at the time of the second ALJ's decision on February 22, 2012. See 20 C.F.R § 404.1563(e).  Under the Grids, a person of Plaintiff's age, education and experience who is limited to either sedentary or light work and cannot perform her past relevant work is classified as disabled.  See 20 C.F.R. Part 404, Subpt. P, App. 2 §§ 201.01, 201.02, 201.09, 201.10, 202.00(c) and (d).

Although the Plaintiff's RFC falls between two exertional levels, all applicable rules for those levels direct the same conclusion – a finding of disability.  Furthermore, "where application of the [G]rids directs a finding of disability, that finding must be accepted by the [Commissioner] . . . whether the impairment is exertional or results from a combination of exertional and non-exertional limitations." Cooper v. Sullivan, 880 F.2d at 1157.   "Under no circumstances may a [VE]'s testimony supplant or override a disability conclusion dictated by the [Grids]." Lounsbury, 468 F.3d at 1116.

Under these circumstances, where it appears that the Agency on remand could only conclude that Plaintiff is disabled, I conclude that remand for an award of benefits is appropriate. Certainly, a determination that an individual is disabled according to relevant regulations is

ordinarily for the Agency, and not for the court. However, in analogous situations, the court has discretion to remand for an award of benefits rather than remand for further proceedings when no outstanding issues need to be resolved before a determination of disability can be made and it is clear that an ALJ would be required to find the claimant disabled if an ALJ had not erred. See, e.g., Stone v. Heckler, 761 F.2d 530, 533 (9th Cir.1985) (reviewing court should remand for award of benefits if ALJ improperly rejected evidence, no outstanding issues require resolution before disability can be determined, and ALJ crediting improperly rejected evidence would be required to find claimant disabled). Here, the proper application of *res judicata* to the subsidiary findings of the first ALJ preclude any determination that Plaintiff could perform her past relevant work, and a subsequent ALJ who properly reached that conclusion would have been required, at Step 5, to find Plaintiff disabled under the Grids.

Remand for further proceedings would serve no useful purpose here. The record is complete, a finding of disability is required under the proper application of the Medical Vocational Rules and remand for an award of benefits based on an onset date of August 16, 2007 is appropriate. Having reached this conclusion, I need not and do not reach the balance of Plaintiff's contentions.

## Conclusion

For the reasons set out above, the Commissioner's motion for remand for further proceedings [#26] is DENIED. The Commissioner's decision is REVERSED and this action is REMANDED to the Agency for an award of benefits based on an onset date of August 16, 2007.

DATED this 1st day of June, 2015.

  /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

OPINION AND ORDER – 18